**REISER et, Plaintiffs-Appellants, v. OMAR BAKING COMPANY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4479. Decided October 18, 1950.

Wiles & Doucher, Jack R. Alton, of Counsel, Columbus, for plaintiffs-appellants.

O. C. Ingalls, Gene A. Jones, Fred C. Hauck, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of Columbus for defendant, Omar Baking Company, and dismissing plaintiff's petition.

The cause was tried to a judge without a jury who found upon the evidence that the plaintiff was chargeable with contributory negligence which precluded a judgment in his favor.

There was an issue whether or not plaintiff had violated §6307 GC in leaving his automobile standing in the traveled portion of the highway which issue the trial judge evidently resolved against the plaintiff.

That plaintiff left his automobile parked in the traveled part of the highway is established. How long it was so parked is in dispute. Whether or not it was practicable to seasonably move the auto from the highway, or if it was disabled in such a manner and to such an extent that it was impossible to avoid stopping and temporarily leaving it on the highway were factual questions.

Likewise, the effect of §12606 GC upon the conduct of plaintiff with respect to the observance of §6307 GC was for the consideration and determination of the trier of the facts. These sections are not inconsistent in their provisions. Of course, the trial judge may have found that the evidence would not support the conclusion that plaintiff was at the time and place of the accident observing the duties enjoined upon him by §12606 GC. If so, the section had no application, but, if he found with the plaintiff on this contention, that fact should, and no doubt was considered as it reflected upon the practicability of his removing his car from the highway.

Upon the record as it comes to us the judgment of the trial judge was not against the manifest weight of the evidence or contrary to law and the judgment affirming it must be affirmed. It will be so ordered.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.